## PRESUMPTION IN AN ACTION ON A NOTE.

Common Pleas Court of Franklin County.

HERBERT HENNICK v. ROBERT E. WAGNER ET AL.

Decided, December 20, 1918.

*Pleading—Allegations in Action on Note in the Short Form—Raise the Presumption of Innocent Holder—How this Presumption is Best Met.*

1. In rebutting a presumption of law the bringing upon the record of some new fact is preferable to an equivocal and unauthorized form of denial.

2. In an action on a note in the short form the plaintiff is presumed to be an innocent holder, and demurrer does not lie to the defense that part of the note is usurious.

*Wilson & Rector,* for plaintiff.
*Doud, Crawfis, Dones & Bradford,* contra.


KINKEAD, J.

Counsel for defendant submits a brief on the demurrer to the first defense of the answer which has heretofore been overruled. It is stated that no copy of the brief of plaintiff on the demurrer had been furnished defendant's counsel. This seems remarkable, —that the punctilious counsel for plaintiff would thus omit to comply with the rule. All lawyers are expected to keep themselves advised of motions and demurrers when pressed for hearing.

In view of the statement of defendants' counsel, the matter is given further consideration.

The cause of action is one upon a promissory note pleaded in the statutory short form.

The defense demurred to states that $1,470 of the amount of the note was usurious, $1,000 in money only being advanced to Wagner. The pleader evidently means $470.

The claim in support of the demurrer is that plaintiff is an innocent holder for value; therefore the claim of usury can not be available to defendant. The former order overruling the demurrer was based upon the theory that plaintiff, being an innocent holder for value, such defense can not now be interposed against him.

But counsel for defendant contends that his answer

"admits that he signed and executed the note with James P. Fuller to Mrs. F. J. Baus for $1,470 as set out in plaintiff's petition, but defendant denies each and every allegation in plaintiff's petition contained not herein specifically admitted to be true."

By virtue of this allegation defendant claims that he denies that plaintiff is an innocent holder for value. So denying he claims that $470 was an amount of interest exacted in excess of that allowed.

The writer will continue to condemn the form of denial contained in defendants' pleading, as in *Bakas* v. *Casparas Stone Co.*, 14 N.P. (N.S.), 577. An answer can appropriately contain either (1) a general, or (2) specific denial, or (3) new matter. Nothing more is authorized. These exclude an equivocal plea of admission and denial such as denial of each and every allegation in plaintiff's petition not herein specifically admitted to be true.

Pomeroy states, Code Rem., Section 525:

"The codes require a general denial, or specific denials, or defenses in confession or avoidance, * * *. The general denial is * * * intended to negative all averments: * * * a specific denial * * * must be addressed to some single, particular allegation. * * * Each specific denial ought to be a single and separate defense by itself. (They) were intended to be analogous to * * * special traverses * * *. Certain it is that the codes do not, by any stress of their language, contemplate an answer consisting of a general denial directed to a part only of the * * * petition, and connected with other admissions, partial denials, and explanations. * * * If the answer is such a mass of express admissions, partial explanations, and statements of matter, etc., * * * we have all

the evils * * * of the most vicious system or no system that can possibly be conceived. * * * The kind of answer * * * I have described violates every principle of this theory, and is a contrivance of ignorance and indolence.

"Notwithstanding the foregoing considerations," says Pomeroy, * * * "the courts of some * * * states have given a seeming approvel to this most slovenly manner of stating the defense of denial." Pom. Code Rem., Section 526.

This court will give effect only to a general or specific denial, or plea of new matter, either upon questions arising upon pleadings or at trial. The plain provisions of the code can be enforced in no other manner. The tools of the code are much more efficient than the loose method contrary to its provisions so common in practice.

In the present case we have no specific allegation of any fact in the short form of pleading, showing plaintiff to be a *bona fide* holder, an innocent holder for value. This is taken for granted, or presumed from the facts stated and copy of note as found in the short form of pleading.

Defendant asks to have this presumption of fact rebutted by a form of admission and equivocal denial not authorized by law.

The former decision overruling the demurrer is adhered to. However, leave will be granted to defendant to amend his answer by conforming to the provisions of the Code.

It seems doubtful whether a denial of a presumption of law would be appropriate. The way to rebut the same would rather seem to be by bringing upon the record some new fact, as that plaintiff took the note with notice.